# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MASON DIXON INTERMODAL, INC., | ) | |
| Plaintiff, | ) | Case No. 08 CV 6271 |
| v. | ) | Judge Shadur |
| RNR TRANSPORTATION INC., | ) | Magistrate Judge Denlow |
| SCOTT RINGEL, & KIMBERLY ROEBKE | ) | |
| Defendants. | ) | |

NATIONWIDE TRANSPORT SERVICES, INC.

    Garnishee Defendant

## MOTION AND MEMORANDUM FOR JUDGMENT ON ANSWER OF GARNISHMENT SUMMONS OF GARNISHEE DEFENDANT NATIONWIDE TRANSPORT SERVICES, INC.

Mason Dixon Intermodal, Inc. ("MDII"), by and through its attorneys, Sullivan Hincks & Conway, hereby submits the following Memorandum in Support of MDII's Request for a Judgment on the answer of Nationwide Transport Services, Inc. ("Nationwide") to the Garnishment Summons served by MDII:

1. On January 28, 2009, Judgment was entered in favor of MDII and against Defendants RNR Transportation, Inc. ("RNR"), Scott Ringel, and Kimberly Roebke, jointly and severally in the sum of $803,134.48.

2. Upon the belief that Nationwide was indebted to RNR for payments other than wages, MDII obtained the issuance of a Garnishment Summons upon Nationwide returnable on or before March 12, 2009. See Garnishment Summons (non-wage) and Affidavit of Garnishment attached as Exhibit "1".

1

3. On February 26, 2009, MDII served the Garnishment Summons on Nationwide's registered agent for the service of process in the State of Illinois. See Motor Carrier Details Report from the Federal Motor Carrier Safety Administration and Affidavit of Service from the Sangamon County, Illinois Sheriff's Office attached as Exhibit "2".

4. Nationwide served an Answer to MDII's Garnishment Summons on March 31, 2009 after MDII filed a Motion for Conditional Judgment. A copy of Nationwide's Answer to MDII's Garnishment Summons is attached hereto as Exhibit "3".

5. In its Answer, Nationwide asserts under oath that on February 26, 2009, the day that Nationwide received service of the Garnishment Summons from MDII, Nationwide mailed payments to RNR for services provided and lease payments due in the amount of $5,547.34. According to the Answer, the payments to RNR were not due until February 27, 2009, the day after Nationwide received service of the Garnishment Summons.

6. Nationwide's Answer also asserts that as of February 26, 2009, Nationwide had claims against RNR for advances made in the amount of $4,851.80.

7. MDII is entitled to a turnover of the funds owed by Nationwide to RNR on the date the Garnishment Summons was served on Nationwide in the amount of $5,547.34 to satisfy the Judgment entered against RNR in favor of MDII.

8. In its Answer, Nationwide argues that it is not obligated to turn over the $5,547.34 owed to RNR on the date it was served with the Garnishment Summons, because Nationwide allegedly had offsetting claims against RNR as of that date and because Nationwide did not know that it had been served with the Garnishment Summons as of February 26, 2009. Neither argument is sustainable.

9. While a garnishee may be entitled in certain circumstances to setoff against the amounts owed to the debtor as of the date it received the Garnishment Summons, a garnishee waives the right to assert its setoff if he does not in fact apply such debt. "Whether a garnishee claims a debt due from the debtor as a set-off, he must in fact apply such debt on the amount due from him to the debtor. If, instead, he pays the funds in his hands to defendant pending the garnishment proceedings he will be regarded as waiving his right to a set off." South East National Bank of Chicago v. Ravin, 35 Ill. App. 2d 366 (1st Dist. 1962) quoting 38 CJS § 203, p. 443.

10. The First District Appellate Court in South East National Bank also cited with approval an abstract opinion in the matter George v. Fox Head Restaurant Co., 290 Ill. App. 599, 8 N.E.2d 218 which appears directly on point:

> In the instant case, the garnishee, Fox Head Restaurant Company, clearly had the right under …the Garnishment Act to set off the indebtedness of George to it against such amount, if any, due George from said garnishee, but when it paid him $175 'as advances' after it had been served with summons in garnishment and before it had filed its answer without adjusting its demands against him, under the established rule in this state the garnishee admitted an indebtedness to its employee and lost its right under the statute to assert such demands.

South East National Bank, 35 Ill. App. 2d at 370.

11. In this case, Nationwide's Answer to the Garnishment Summons admits that Nationwide gave advances to RNR, and that Nationwide did not exercise and apply its alleged right to setoff when it paid RNR $5,547.34 after Nationwide was served with the Garnishment Summons. As such, Nationwide waived any right it may have had to a setoff of funds owed to the debtor RNR as of February 26, 2009 and must, according to the Garnishment Statute, pay those funds to MDII.

12. Nationwide's argument that it did not receive notice of the Garnishment proceeding prior to paying RNR is also unavailing. Nationwide had notice of the pending Garnishment proceedings when Nationwide's registered agent in Sangamon County, Illinois was served with the Garnishment Summons on February 26, 2009. Service of a summons on a registered agent of a corporation constitutes proper notice to that corporation at the time the summons is received by that registered agent. Cf. JP Morgan Chase Bank v. Fankhauser, 383 Ill. App. 3d 254, 261-2 (2nd Dist. 2008).

13. Furthermore, Nationwide claims that it mailed the payment to RNR on February 26, 2009, presumably by check. Even if Nationwide mailed the check prior to the time its registered agent received the Garnishment Summons (a fact that is not established), Nationwide easily could have and should have stopped payment on the check because payment was not yet even due. As admitted, Nationwide's payment to RNR was not due until February 27, 2009.

WHEREFORE, Mason Dixon Intermodal, Inc. respectfully requests this Court enter Judgment on the Answer of the Garnishee Defendant, Nationwide Transport Services, Inc., in the amount of $5,547.34 and order Nationwide Transport Services, Inc. turn over to Mason Dixon Intermodal, Inc., care of its attorneys, Sullivan Hincks & Conway, the sum of $5,547.34, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted:
Mason Dixon Intermodal, Inc.

By: /s/ Matthew P. Barrette          .
    One of Its Attorneys

Matthew Barrette
Sullivan Hincks & Conway
120 West 22nd Street, Ste. 100
Oak Brook, IL 60523
(630) 573-5021